UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

THE CITY OF NEW YORK,

                          Plaintiff,

        -against-

GUTLOVE & SHIRVINT, INC.,

                          Defendant.

-------------------------------------------------------------------X

**MEMORANDUM AND
ORDER**
08-CV-1372 (CBA) (JMA)

A P P E A R A N C E S:

Eric Proshansky
Corporation Counsel of the City of NY
100 Church Street
New York, NY 10007
(212) 232-2492
        *Attorney for Plaintiff*

Michael S. Feldberg
Allen & Overy
1221 Avenue of the Americas
New York, NY 11731
(212) 610-6300
        *Attorney for Defendant*

David L. Paldy
New York State Department of Taxation and Finance
1740 Broadway, Room 1707
New York, NY 10019
(212) 459-7876
        *Attorney for Non-party New York State Department of Taxation and Finance*

**AZRACK**, **UNITED STATES MAGISTRATE JUDGE:**

        On October 10, 2008, defendant in the above captioned matter ("Gutlove" or

"defendant") moved this Court to compel non-party New York State Department of Taxation and

Finance (the "Department") to produce certain documents related to its investigation into

Gutlove's wholesale cigarette business and to make three named Department officials available for deposition. According to the defendant, the documents sought form, in part, the basis of the underlying allegations that plaintiff City of New York (the "City" or "plaintiff") raises against Gutlove. They are also integral to a federal trafficking and money laundering investigation of Gultove being conducted by the United States Attorney for the Western District of New York ("U.S. Attorney") with the cooperation and participation of the Department. (Aff. of Anthony M. Bruce ¶ 2 ("Bruce Aff.").).

Both the Department and the U.S. Attorney contend that since Gutlove's discovery requests relate to a primary focus of the ongoing criminal investigation, compelling production now will give Gutlove access to information that will jeopardize the investigation and endanger the safety and efficacy of law enforcement agents and confidential informants. In light of these grave concerns, the Department and the U.S. Attorney, neither of whom have formally intervened in this matter, have asserted the law enforcement privilege and request a stay of discovery for four months.[1] The City takes no position on the issue of the law enforcement privilege but consents to a stay. (Letter from Eric Proshansky, dated Oct. 6, 2008.) On November 4, 2008, I heard oral argument on the motion. For the reasons set forth below, discovery is stayed and defendant's motion is denied with leave to renew in four months.

Assuming the parties' familiarity with the case, I will dispense with a recitation of the facts and procedural history.

## I. Law

It is well-settled that a district court has discretionary power to stay proceedings pursuant to its inherent power to control its docket. See United States v. Kordel, 397 U.S. 1, 12 n. 27

---

[1] The Department has agreed to produce a limited set of records in order to facilitate Gutlove's administrative proceeding against the Department, which is currently pending before the New York State Division of Tax Appeals.

(1970); <u>Landis v. North American Co.</u>, 299 U.S. 248, 254–55 (1936).  Indeed, the Court may, in the interests of justice, stay proceedings *sua sponte*.  <u>See</u> <u>S.E.C. v. Chestman</u>, 861 F.2d 49, 49 (2d Cir. 1988); <u>see</u> <u>also</u> <u>Javier H. v. Garcia-Botello</u>, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) ("[B]ecause a federal district court has the inherent power, in the exercise of its discretion, to stay an action, it may deny a motion to intervene, or decline to address the merits of such a motion, and nevertheless enter an order staying civil discovery.") (internal citations and quotation marks omitted).  When deciding whether a stay is in order, courts consider: (1) the private interests of each of the parties in proceeding expeditiously with the litigation as balanced against the prejudice to their opponents; (2) the interests of the court; (3) the interests of non-parties; and (4) the public interest.  <u>See</u> <u>S.E.C. v. Downe</u>, No. 92-CV-4092 (PKL), 1993 WL 22126, *12 (S.D.N.Y. Jan. 26, 1993); <u>Twenty First Century Corp. v. LaBianca</u>, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992); <u>Arden Way Associates v. Boesky</u>, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).

As a general rule, when both civil and criminal proceedings arise out of the same or related transactions, the government is entitled to a stay of all discovery in the civil action until disposition of the criminal matter.  <u>See</u> <u>S.E.C. v. Kozlowski</u>, No. 02-CV-7312 (RWS), 2003 WL 1888729, *2 (S.D.N.Y. Apr. 15, 2003) (federal courts have the power to manage civil litigation "to avoid interference with" criminal prosecutions) (<u>quoting</u> <u>Deegen v. United States</u>, 517 U.S. 820, 827 (1996)); <u>see</u> <u>also</u> <u>Kashi v. Gratsos</u>, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[T]he Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings.... Nevertheless, a court may decide in its discretion to stay civil proceedings" in the interests of justice) (internal citations omitted).  This principle applies "whether or not the litigant is actually a defendant in the parallel criminal case."  <u>F.D.I.C. v.</u>

Chuang, No. 85-CV-7468 (SWK), 1986 WL 3518, *1 (S.D.N.Y. Mar. 17, 1986) (quoting

LaRouche Campaign v. F.B.I., 106 F.R.D. 500, 501 (D. Mass. 1985)).

## II. DISCUSSION

With the instant motion, defendant seeks access to eight categories of Department

documents which essentially encompass every piece of paper, email message, and electronic

recording the Department has generated concerning Gutlove, as well as all business records

pertaining to Gutlove's alleged conspirators. Gutlove also broadly seeks "[a]ll documents or any

other records reflecting or concerning communications between [the Department] and [the

City]." (Decl. of Michael S. Feldberg Ex. A, Sept. 19, 2008 ("Feldberg Decl.").) The relevancy

of the information is not in dispute. However, the Department and the U.S. Attorney assert the

right to withhold these documents pursuant to the law enforcement privilege and suggest a four-

month stay of discovery, with leave to renew the motion to compel, so that the criminal

investigation may proceed without disruption. Though there is no motion to stay currently

before me, as neither the Department nor the U.S. Attorney has formally intervened in this

matter, after considering all of the moving papers and oral arguments made by Gutlove, the City,

and the Department, I am satisfied that a stay of discovery of limited duration is appropriate in

the interests of justice.

A stay of limited duration will protect against the possibility of substantial harm to the

Government's investigation without prejudicing the defendant. As established by the affidavit of

Assistant United States Attorney Anthony M. Bruce ("AUSA Bruce"), the documents Gutlove

seeks relate to the heart of the U.S Attorney's investigation of Gutlove's involvement in serious

criminal activity, including money laundering and illegal trafficking. (Bruce Aff. ¶ 5.)

Consequently, the detriments of immediate production are clear. Given the breadth of Gutlove's

request, which includes recordings of conversations between state and federal agencies and between Gutlove and alleged conspirators, it is clear that the information contained in the documents could expose the undercover law enforcement personnel and confidential informants participating in the investigation. This would likely deter both the exposed sources and potential sources from cooperating with the investigation in the future as well as potentially jeopardize their safety. (Bruce Aff. ¶¶ 9–10; 12.) The significance of this possibility extends beyond hypothetical speculation since as recently as last month, a federal search warrant was executed on Gutlove's premises in connection with this investigation. (Bruce Aff. ¶ 7.) Additionally, given the fact that Gutlove's representatives are putative defendants in the criminal case that may result from this ongoing investigation, compelling the Department to reveal the details of the investigation to them at this juncture would subvert the public interest in ensuring the effective enforcement of the law.

Moreover, Gutlove has failed to establish how it would be prejudiced by a four-month stay in discovery. Gutlove argues that the reputational harm and associated decline in business that would result from being civilly prosecuted by the City while being temporarily prevented from preparing its defense outweighs the detriments of immediate production discussed above. This claim of prejudice is unconvincing. First, the City is currently litigating another case against Gutlove concerning similar allegations. Discovery in that matter is ongoing. Second, I fail to see how engaging in discovery in this matter would change the effect of the litigation, if any, on Gutlove's image. Finally, even assuming that Gutlove's clients would be more likely to do business with Gutlove if it were proceeding with discovery, and that they would even be aware of discovery efforts, any loss in reputation that Gutlove would suffer during a four month stay simply fails to outweigh the harm to the Government.

## III. CONCLUSION

For the foregoing reasons, discovery in this matter is hereby stayed for a period of four months from the date of this decision and defendant's motion to compel is denied with leave to renew in four months.

SO ORDERED.

Dated: November 10, 2008
Brooklyn, New York

_____/s/_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE